IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH ROBERT SAAVEDRA,

       Petitioner,

v.                                                        CIV 03-158 MV/KBM

TIM LeMASTER, Warden, and
PATRICIA MADRID, Attorney General
for the State of New Mexico

       Respondents.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

       In a previous habeas case under 28 U.S.C. § 2254, I reviewed Joseph Saavedra's petition for a writ of habeas corpus and recommended that it be denied. *See Saavedra v. LeMaster,* CIV 01-64 MV/KBM. The relevant pleadings from the prior suit are attached to Respondents' Answer in this case. *See Answer, Doc. 9,* Exh. 3 (copy of my prior recommended findings).[1] When Petitioner raised a new unexhausted issue in objections (that he was "forced" to proceed *pro se* at his trial), he elected to proceed with the unexhausted claim and District Judge Martha Vázquez thus dismissed the mixed petition without prejudice. *See id.,* Exhs. 4-12.

       Petitioner returned to state court and filed a habeas petition there, raising the new issue there. *Id.,* Exh. 13. New Mexico District Judge Stephen Pfeffer denied the petition summarily on procedural grounds, holding that "from the face of the petition [Saavedra] would have known at the time of trial the nature of the conflict with his trial counsel which was presented to the trial

---

      [1] Unless otherwise noted, all citations to exhibits are those attached to Respondents' Answer. *Doc. 9.*

judge, and that the issue Petitioner now raises should, therefore, have been included with his appeal." *Id.,* Exh. 14.  Judge Pfeffer's order is dated October 30, 2002, but Petitioner did not seek certiorari in the New Mexico Supreme Court until January 22, 2003, long past the applicable thirty-day period.  *Id.,* Exh. 15.  The court would not accept the untimely filing.  *Id.,* Exh. 16. Petitioner then filed the instant action seeking a writ of habeas corpus under § 2254 based on the unexhausted issue.

Respondents move to dismiss the instant action as procedurally defaulted for failing to timely file with the New Mexico Supreme Court.  Their motion was filed and served March 20, 2003 and asserts Saavedra has no grounds for excusing the procedural default.  *See Docs. 10, 11*. As of the date of filing this recommendation, Petitioner has failed to file any response to the motion to dismiss.

Respondents are correct that failure to file a timely petition for certiorari with the New Mexico Supreme Court renders his claim procedurally defaulted.  *Ogden v. Bravo,* 35 Fed.Appx. 722, 2002 WL 102639 (10th Cir. 1/28/02) (unpublished & attached); *Santillanes v. Lemaster,* 12 Fed.Appx. 728, 2001 WL 409272 (10th Cir. 4/24/01) (same), *cert. denied,* 534 U.S. 922 (2001); *Ortega v. Williams,* 3 Fed.Appx. 722, 2001 WL 28019 (10th Cir. 1/11/01) (same).  Also, under D.N.M.LR-CIV. 7.1(b), "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."

Wherefore,

**IT IS HEREBY RECOMMENDED** that Respondents' motion to dismiss this petition as procedurally defaulted *(Doc. 10)* be granted and the action dismissed with prejudice.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE

35 Fed.Appx. 722
**(Cite as: 35 Fed.Appx. 722, 2002 WL 102639 (10th Cir.(N.M.)))**

This case was not selected for publication in the Federal Reporter

This case was not selected for publication in the Federal Reporter.

Please use FIND to look at the applicable circuit court rule before citing this opinion. Tenth Circuit Rule 36.3. (FIND CTA10 Rule 36.3.)

United States Court of Appeals,
Tenth Circuit.

Kevin K. OGDEN, Petitioner-Appellant,
v.
Erasmo BRAVO, Warden, Guadalupe County Correctional Facility; Attorney General
for the State of New Mexico,
Respondents-Appellees.

**No. 01-2306.**

Jan. 28, 2002.

Petitioner, who was convicted in state court of first-degree murder of community service officer and receipt, transportation, or possession of firearm by felon, sought federal habeas relief. The United States District Court for the District of New Mexico dismissed petition. Petitioner requested certificate of appealability permitting appeal of that denial. The Court of Appeals, Briscoe, Circuit Judge, held that: (1) challenges to trial court's evidentiary rulings did not support federal habeas relief; (2) claim challenging state-court ruling that community service officers were "peace officers" for purposes of New Mexico's capital sentencing statute was not cognizable on federal habeas review; (3) state court's rejection of challenge to trial court's screening of jurors did not support federal habeas relief; and (4) remaining claims were procedurally defaulted.

Request denied; appeal dismissed.

West Headnotes

**[1]** Habeas Corpus 489.1
197k489.1 Most Cited Cases

Claims that challenged state trial court's evidentiary rulings under state law, but did not allege violation of petitioner's federal constitutional rights, did not support federal habeas relief.

**[2]** Habeas Corpus 508
197k508 Most Cited Cases

Claim challenging state-court ruling that community service officers were "peace officers" for purposes of New Mexico's capital sentencing statute was not cognizable on federal habeas review, inasmuch as holding involved only issue of state law and petitioner was sentenced to life imprisonment, rather than death. NMSA 1978, § 31-20A-5.

**[3]** Habeas Corpus 496
197k496 Most Cited Cases

State supreme court's rejection of capital defendant's argument that trial court's screening of jurors resulted in "conviction-prone" jury during guilt phase of proceedings was reasonable, and thus did not support federal habeas relief.

**[4]** Habeas Corpus 364

197k364 Most Cited Cases

Federal habeas claims that were never addressed by New Mexico Supreme Court, due to petitioner's failure to file timely petition for writ of certiorari seeking review of denial of his state habeas petition, were procedurally defaulted for purposes of federal habeas review.  NMRA, Rule 12-501(B).

**[5] Habeas Corpus** 321
197k321 Most Cited Cases

To the extent that federal habeas petitioner sought to assert constitutional challenges to his conditions of confinement in state facility, he was required to do so in an action filed pursuant to § 1983.  42 U.S.C.A. § 1983.

 **\*723** Before HENRY, BRISCOE and MURPHY, Circuit Judges.

ORDER AND JUDGMENT [FN\*]

> FN\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

BRISCOE, Circuit Judge.

 **\*\*1** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R.App. P. 34(a)(2);  10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

 Petitioner Kevin Ogden, a New Mexico state prisoner appearing pro se, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254 habeas petition.  Because he has failed to make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2), we deny his request for a COA and dismiss the appeal.

 Ogden was convicted of first degree murder of a community service officer, and three counts of receipt, transportation, or possession of a firearm by a felon.  Although the State sought the death penalty, Ogden was sentenced to life imprisonment **\*724** on the murder count and additional time on each of the firearms counts.  His convictions were affirmed in his direct appeal to the New Mexico Supreme Court (NMSC).  Ogden, appearing pro se, subsequently filed a petition for state habeas relief, asserting forty-one claims of error, which was denied on March 9, 2001.  It is disputed whether Ogden sought review of that denial by the NMSC. The State contends Ogden failed to file a petition for writ of certiorari with the NMSC. Ogden, however, alleges he mailed a petition for writ of certiorari to the NMSC on May 21, 2001.

 On June 5, 2001, Ogden filed his federal habeas petition, asserting the same forty-one claims of error asserted in his state habeas petition. [FN1]   The magistrate judge reviewed the petition and concluded that **\*725** two of the forty-one issues had been addressed by the NMSC in the direct appeal.  The magistrate noted, however, that those two issues (whether the trial court erred in admitting evidence of "prior bad acts" and evidence of polygraph test results) concerned only the admissibility of evidence under state law and did not implicate any of Ogden's federal constitutional rights.  As for the remaining issues, the magistrate concluded they were first raised in Ogden's state habeas petition and were procedurally barred due to

Ogden's failure to file a timely petition for writ of certiorari with the NMSC. The magistrate recommended dismissing with prejudice all forty-one of Ogden's habeas claims. The magistrate noted that Ogden's petition referenced problems pertaining to his conditions of confinement, particularly the denial of mental health treatment and medication, and recommended dismissing those claims without prejudice. After allowing Ogden to file written objections, the district court adopted the magistrate judge's recommendations and dismissed with prejudice Ogden's habeas claims, and dismissed without prejudice his claims concerning conditions of confinement. The court denied Ogden a COA.

> FN1. Ogden's federal habeas petition specifically enumerated the following issues: (1) the trial court erred by not conducting a speedy trial; (2) the court lacked jurisdiction because it failed to instruct the jury on the elements of the alleged crime; (3) the court erred in admitting prejudicial and highly inflammatory photographs; (4) the court erred in holding that the victim, a community service officer, was a peace officer within the meaning of New Mexico's death penalty statutes; (5) the court erred in excusing potential jurors who were opposed to the death penalty; (6) the prosecutors acted improperly by aligning themselves with the court and the victim; (7) the court erred by admitting evidence of Ogden's alleged acts and prior convictions; (8) the court erred in allowing the media into the courtroom prior to and during trial; (9) the prosecution made improper references to Ogden's character; (10) Ogden's conviction was the result of passion, prejudice, discrimination, and arbitrary and capricious factors; (11) the court erred by admitting into evidence polygraph results and testimony from one of the state's witnesses; (12) the court erred by failing to give Ogden a preliminary trial; (13) the court erred in admitting evidence of Ogden's prior conviction, his gun charges, and alleged incidents involving nonconvictions; (14) Ogden was exposed to double jeopardy as a result of extraneous matters, the consecutive sentences, and the multiple charges and trials; (15) the State of New Mexico passed an ex post facto law directly aimed at Ogden; (16) the court erred in omitting uniform jury instructions that included the possibility of a verdict of guilty but mentally ill; (17) the court erred in refusing to allow Ogden to pursue any defense other than insanity; (18) the court erred when it refused to allow Ogden to aid in his defense; (19) the court erred by failing to ensure there were equal numbers of men and women on the jury; (20) the court erred in refusing to instruct the jury on the correct definition of the term "peace officer"; (21) the court erred in refusing to allow the jury to decide whether the victim was a "peace officer"; (22) the court erred in instructing the jury that a life sentence was mandatory; (23) the court erred by not allowing Ogden any alternative defenses; (24) the court erred by forcing Ogden to be represented by a public defender who was not familiar with the case; (25) the court erred in instructing the jury on an aggravating circumstance that was not authorized under New Mexico law; (26) the court erred by not defining for the jury during sentencing proceedings the duties of a peace officer; (27) the court erred by failing to individually sequester the members of the jury pool during voir dire; (28) the court erred by failing to sequester psychologist William Mathews; (29) the life

sentence imposed was disproportionate to the crime of conviction; (30) the jurors were unqualified; (31) the court erred in failing to sequester the jury during the trial; (32) the court erred by admitting certain psychological testimony; (33) the court erred when it imposed sentence enhancements in connection with Ogden's firearms convictions; (34) the court erred in allowing a certain evaluation to be used by the testifying psychological experts; (35) the court erred in excluding black jurors; (36) the court failed to provide reasons for its rulings on particular pretrial motions; (37) the court erred by declaring Ogden incompetent to proceed pro se on appeal; (38) the court erred by sustaining the prosecution's objection to a certain witness' testimony about what the trial court said to her; (39) the court erred in certifying a pretrial interlocutory appeal; (40) the psychologists who testified at trial were not qualified to be witnesses; and (41) the court erred when, during voir dire, it informed potential jury members that Ogden would be facing a life sentence plus six years.

[1][2][3] After reviewing the record on appeal, we conclude that five of the issues now asserted in Ogden's federal habeas petition were presented to the NMSC, either on direct appeal or in a pretrial interlocutory appeal. [FN2] It is apparent, however, that none of these issues entitle Ogden to federal habeas relief. As noted by the magistrate judge, two of these issues (Issues 7 and 11) pertain to the trial court's evidentiary rulings (regarding admission of prior bad acts and polygraph test results) under New Mexico state law, but do not allege the violation of any of Ogden's federal constitutional rights. Issues 4 and 25 appear to pertain to the NMSC's pretrial holding that community service officers are considered "peace officers" for purposes of New Mexico's capital sentencing statute, N.M. Stat. Ann. § 31-20A-5 (which provides, in part, that one possible aggravating circumstance is that "the victim was a peace officer who was acting in the lawful discharge of an official duty when he was murdered"). See *State v. Ogden,* 118 N.M. 234, 880 P.2d 845, 855-56 (1994). Because the holding appears to involve only an issue of state law, and because Ogden was sentenced to life imprisonment rather than death, we fail to see how Ogden would be entitled to federal habeas relief on these issues. Finally, Issue 5 pertains to the jury selection process utilized by the trial court. In his direct appeal, Ogden argued that the trial court's screening of jurors under *Witherspoon v. Illinois,* 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), resulted in a jury panel that was "conviction prone" during the guilt phase proceedings. The NMSC rejected the argument. Given the Supreme Court's decision in *Lockhart v. McCree,* 476 U.S. 162, 106 S.Ct. 1758, 90 L.Ed.2d 137 (1986), we conclude the NMSC decision was entirely reasonable and provides no basis for granting federal habeas relief. In *Lockhart,* the Supreme Court rejected the same argument raised by Ogden and held that "the removal for cause of '*Witherspoon*-excludables' serves the State's entirely **\*726** proper interest in obtaining a single jury that c[an] impartially decide all of the issues in [the] case." *Id.* at 180, 106 S.Ct. 1758.

> FN2. In the interlocutory appeal, the NMSC held: (1) it was proper for the trial court to act upon Ogden's motion and conduct a pretrial review of the alleged "murder of a peace officer" aggravating circumstance; and (2) community service officers were "peace officers" within the meaning of New Mexico's capital sentencing

statute (which included as a potential aggravating factor the murder of a peace officer).  *State v. Ogden,* 118 N.M. 234, 880 P.2d 845 (1994).

**\*\*2** [4] As for the remaining thirty-six issues asserted by Ogden, we agree with the district court that they are procedurally barred. New Mexico state law provides a firm certiorari deadline in habeas cases: "Petitions for writs of certiorari shall be filed with the supreme court clerk within thirty (30) days of the district court's denial of the petition." N.M. R.App. P. 12- 501(B).  Although it is disputed whether Ogden filed a petition for writ of certiorari with the NMSC following the state district court's denial of his habeas petition, it is uncontroverted that he did not meet the deadline. Ogden's failure in this regard means that the thirty-six issues first raised in his state habeas petition were never addressed by the NMSC and are now procedurally defaulted for purposes of federal habeas review.  *See Thomas v. Gibson,* 218 F.3d 1213, 1221 (10th Cir.2000) ("[I]f a petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief." (Internal quotation omitted.)). Ogden has not alleged, let alone established, cause and prejudice for this procedural default.  *See English v. Cody,* 146 F.3d 1257, 1259 (10th Cir.1998).   Nor has Ogden established that application of the procedural bar will result in a fundamental miscarriage of justice (i.e., he has not made a colorable demonstration that he was actually innocent of the offenses of which he was convicted). *See Herrera v. Collins,* 506 U.S. 390, 403-04, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993); *English,* 146 F.3d at 1259.

[5] Finally, we agree with the district court that to the extent Ogden seeks to assert constitutional challenges to his conditions of confinement, he must do so in an action filed pursuant to 42 U.S.C. § 1983.  *See Rael v. Williams,* 223 F.3d 1153, 1154 (10th Cir.2000), *cert. denied,* 531 U.S. 1083, 121 S.Ct. 787, 148 L.Ed.2d 683 (2001).

Ogden's request for a certificate of appealability is DENIED and the appeal is DISMISSED.  The mandate shall issue forthwith.

35 Fed.Appx. 722, 2002 WL 102639 (10th Cir.(N.M.))

END OF DOCUMENT

12 Fed.Appx. 728
2001 DJCAR 2173
**(Cite as: 12 Fed.Appx. 728, 2001 WL 409272 (10th Cir.(N.M.)))**

H

This case was not selected for publication in the Federal Reporter.

Please use FIND to look at the applicable circuit court rule before citing this opinion. Tenth Circuit Rule 36.3. (FIND CTA10 Rule 36.3.)

United States Court of Appeals,
Tenth Circuit.

Andrew Michael SANTILLANES,
Petitioner-Appellant,
v.
Tim LEMASTER, Warden; Attorney General for the State of New Mexico,
Respondents-Appellees.

No. 00-2172.

April 23, 2001.

Petitioner, who was convicted of felony murder, filed habeas petition, which the United States District Court for the District of New Mexico denied. Petitioner sought certificate of appealability. The Court of Appeals, Lucero, Circuit Judge, held that: (1) New Mexico would not adopt the prison mailbox rule for petitions for certiorari to the Supreme Court from denial of state habeas petitions; (2) petitioner had procedurally defaulted on issues raised in state certiorari petition; and (3) petitioner did not demonstrate sufficient prejudice or actual innocence to excuse procedural default.

Affirmed.

West Headnotes

**[1]** Habeas Corpus 818
197k818 Most Cited Cases

To receive a certificate of appealability (COA) by attacking the district court's procedural rulings, defendant must show both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. 28 U.S.C.A. § 2253(c)(1).

**[2]** Habeas Corpus 364
197k364 Most Cited Cases

For purposes of determining whether claims had been procedurally defaulted for failing to raise them on a timely basis to the New Mexico Supreme Court, New Mexico would not adopt the prison mailbox rule for petitions for certiorari to the New Mexico Supreme Court from denial of state habeas petitions.

**[3]** Habeas Corpus 403
197k403 Most Cited Cases

Decision of the New Mexico Supreme Court, rejecting habeas petitioner's petition for certiorari as untimely because it was not received before 30-day deadline, rested on a state law ground that was independent of the federal question and adequate to support the judgment, such that petitioner had procedurally defaulted the issues raised in his certiorari petition, and federal appellate court would not consider them, even if New Mexico Supreme Court had on occasion recognized possibility of unusual circumstances justifying a late filing. NMRA, Rule 12-501, subd. B.

**[4]** Habeas Corpus 403
197k403 Most Cited Cases

To be adequate to support the judgment, a

state rule of procedural default must be applied evenhandedly in the vast majority of cases.

**[5]** Habeas Corpus 401
197k401 Most Cited Cases

**[5]** Habeas Corpus 404
197k404 Most Cited Cases

Since habeas petitioner defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal court could not review them unless he either demonstrated cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrated that failure to consider the claims would result in a fundamental miscarriage of justice.

**[6]** Habeas Corpus 409
197k409 Most Cited Cases

Habeas petitioner did not demonstrate sufficient prejudice resulting from alleged ineffective assistance of counsel, and thus federal court would not consider claims on which petitioner procedurally defaulted in state court, that counsel should have had him take a polygraph test and allowed him to testify and that evidence against him was weak and jury's verdict was unreliable absent his testimony in his own behalf, as petitioner testified at evidentiary hearing concerning facts he would have related but failed to show a reasonable probability that outcome would have been different.

**[7]** Habeas Corpus 401
197k401 Most Cited Cases

The "fundamental miscarriage of justice" exception to excuse procedural default is extremely narrow, and it applies only in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent.

**[8]** Habeas Corpus 401
197k401 Most Cited Cases

Habeas petitioner, seeking to excuse procedural default of claim of ineffective assistance of counsel for failure to allow defendant to testify, failed to meet his burden of showing that no reasonable juror, after hearing petitioner's story, would have concluded that he had not at least attempted to rob victim, which together with fact of victim's death formed factual predicate for felony murder conviction, and thus, petitioner failed to demonstrate that he was actually innocent of the crime and procedural default was not excused.

 ***729** Before EBEL, PORFILIO, and LUCERO, Circuit Judges.

ORDER AND JUDGMENT [FN*]

> FN* The case is unanimously ordered submitted without oral argument pursuant to Fed.R.App.P. 34(a)(2) and 10th Cir.R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3.

LUCERO, Circuit Judge.

 ****1** Petitioner-Appellant Andrew Michael Santillanes appeals from the district court's order denying his petition for writ of habeas corpus. This matter comes before us on petitioner's request for a certificate of appealability (COA).

[1] In order to receive a COA, petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner meets this standard if he shows that his issues "are debatable among jurists, or that a court could resolve the issues differently, or that the questions deserve further proceedings." *United States v. Sistrunk,* 111 F.3d 91, 91 (10th Cir.1997). To the extent petitioner attacks the district court's procedural rulings, he must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Upon consideration, we grant COA but affirm the district court's order denying habeas relief.

Petitioner was convicted after a jury trial of first degree felony murder and two counts of attempted armed robbery. The New Mexico Supreme Court affirmed his conviction in 1986. Thereafter, he filed three state habeas petitions, asserting a variety of grounds for relief, each of which was denied by the New Mexico courts. [FN1]

> FN1. Petitioner also filed a previous habeas petition in federal district court, which was dismissed as a mixed petition to allow petitioner to exhaust his state remedies. *See Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

**\*730** In his third petition, petitioner raised two issues. He contended: (1) that the prosecution had unconstitutionally failed to disclose evidence favorable to him; and (2) that he was denied effective assistance of counsel at trial and on appeal. The state district court denied this petition on February 21, 1997. Petitioner attempted to file a petition for writ of certiorari in the New Mexico Supreme Court within the thirty days allowed. The certiorari petition was due on March 24, 1997, but was not received by the supreme court until April 1, 1997. An employee of the Supreme Court clerk's office returned the petition unfiled, because she had received it after the deadline.

Petitioner asserts that he placed his petition in the prison legal mailbox five days prior to the expiration of the thirty-day filing deadline. However, it was not even postmarked until nine days later, after the deadline had passed. He thereafter filed this petition for writ of habeas corpus in federal district court, raising the same claims raised in his third state habeas petition. After an evidentiary hearing, the district court ruled that petitioner had procedurally defaulted his claims by failing to raise them on a timely basis to the New Mexico Supreme Court. The district court determined that New Mexico would not follow the "mailbox rule" established for the federal courts in *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

Petitioner contests this determination. He contends that his ineffective assistance of counsel claims have not been procedurally defaulted. Alternatively, he argues that his procedural default should be excused.

**\*\*2** Resolution of petitioner's arguments requires us to consider four distinct procedural issues. The first is, whether New Mexico follows or would adopt the mailbox rule in determining the timeliness of petitions for certiorari from the denial of habeas petitions. The second question is whether New Mexico's enforcement of its thirty-day filing deadline constituted an independent and adequate state ground for rejecting petitioner's petition. If so, the third issue is whether petitioner can show cause and prejudice sufficient to excuse the procedural default.

Finally, we take up the issue of whether petitioner has made a colorable showing of actual innocence sufficient to excuse his procedural default. In assessing petitioner's claims, "[w]e review the district court's legal conclusions de novo and its factual findings under the clearly erroneous standard." *Ross v. Ward,* 165 F.3d 793, 798 (10th Cir .1999).

1. Would New Mexico adopt the mailbox rule for certiorari petitions?

[2] In *Houston v. Lack,* the Supreme Court held that a prisoner's "notice of appeal was filed at the time [the prisoner] delivered it to the prison authorities for forwarding to the court clerk." *Houston,* 487 U.S. at 276, 108 S.Ct. 2379. This rule became known as the "prison mailbox rule" or simply the "mailbox rule." *Houston* was based on language of a Federal Rule of Appellate Procedure governing timely notice of appeal. While some states have adopted a similar rule as a matter of state law, others have not.

We previously considered the mailbox rule under New Mexico law in *Adams v. LeMaster,* 223 F.3d 1177 (10th Cir.2000), *cert. denied,* 531 U.S. 1195, 121 S.Ct. 1198, 149 L.Ed.2d 113 (2001). There, we addressed New Mexico court rules pertaining to post-conviction habeas proceedings and held that "the New Mexico Supreme Court ***731** would side with those state courts relying on the plain meaning of their respective state procedural rules to reject the prison mailbox rule." *Id.* at 1183.

Petitioner attempts to distinguish *Adams.* He points out that *Adams* was concerned with when a habeas corpus petition was "properly filed" in state *district* court for purposes of 28 U.S.C. § 2244(d)(1). Here, by contrast, we are concerned with whether the mailbox rule applies to the filing of a petition for writ of *certiorari* to the New Mexico Supreme Court. We acknowledge that different courts within a state system may treat the mailbox rule differently. *See, e.g., Hunnicutt v. State,* 952 P.2d 988, 989 (Okla.Crim.App.1997) (refusing, in appeal to Oklahoma Court of Criminal Appeals, to follow mailbox rule adopted by Oklahoma Supreme Court which rested on special statute applicable only to appeals to that court).

Although it was not specifically at issue in *Adams,* we also had occasion to discuss application of the mailbox rule to petitions for certiorari filed in the New Mexico Supreme Court:

> [I]n habeas cases once a petitioner "files" a petition for certiorari with the New Mexico Supreme Court, the petition is deemed denied if "certiorari is not granted by the Supreme Court within thirty (30) days after filing." N.M.R.Crim.P. 5-802G (3). While we are unable to find any case law on point, it strains credulity to argue the thirty-day period begins running prior to the petition's arrival at the New Mexico Supreme Court.

**\*\*3** *Adams,* 223 F.3d at 1182.

In other words, a petition for certiorari is not considered "filed" until actually received by the clerk. This filing (that is, receipt by the clerk) must occur within thirty days of the district court's decision. N.M.R.Crim.P. 5-802G. Moreover, the three-day mailing period established elsewhere in the appellate rules does not apply to extend this filing period. *See* N.M.R.App.P. 12-501(B). "Thirty days" appears to mean exactly what it says.

We have stressed that the mailbox rule is not constitutional or equitable in nature, but depends entirely upon interpretation of the word "filed" as it is used in the applicable rule or statute. *See Jenkins v. Burtzloff,* 69 F.3d 460, 461 (10th Cir.1995) (discussing *Houston v. Lack* ). The interplay of the New Mexico court rules appears to leave no room for application of the mailbox rule to this case.

Petitioner argues that, notwithstanding the text of the rules, the New Mexico Supreme Court takes a flexible attitude toward filing deadlines. He claims that, given the chance, the New Mexico Supreme Court would institutionalize this flexibility by adopting the mailbox rule. He urges us to test this hypothesis by certifying the question to that court.

We have reviewed the cases cited by petitioner for his "flexibility" hypothesis, and find them inapposite here. In *Chavez v. U-Haul Co. of New Mexico, Inc.,* 124 N.M. 165, 947 P.2d 122 (1997), the pro se appellant faxed his notice of appeal to the district court fifty-eight minutes late. The New Mexico Supreme Court excused his late filing in part because it was only marginally untimely, and because the New Mexico Constitution provides an aggrieved party with an absolute right to one appeal. *Id.* at 170, 947 P.2d 122.

The circumstances here are significantly different. The proceeding at issue here was not petitioner's direct appeal, guaranteed by the New Mexico Constitution, but an application for a discretionary writ of certiorari from his *third* habeas petition. *Cf. State v. Peppers,* 110 N.M. 393, 796 P.2d 614, 619 n. 2 (Ct.App.1990) (distinguishing **\*732** habeas petition, from which there is no right of appeal, from right to directly appeal conviction *once,* guaranteed by New Mexico Constitution). Moreover, he was more than marginally late.

Petitioner also cites *Trujillo v. Serrano,* 117 N.M. 273, 871 P.2d 369, 374 (1994). In that case, the New Mexico Supreme Court stated that an untimely appeal should beheard if the actions of the magistrate court from which appeal was taken *caused* the untimely filing. No such allegation is made here. We conclude that New Mexico would not adopt the mailbox rule for petitions for certiorari to the New Mexico Supreme Court from denial of state habeas petitions.

2. Is the decision based on an independent and adequate state ground?

[3] We must next ask whether the decision of the New Mexico Supreme Court rejecting petitioner's petition for certiorari as untimely "rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson,* 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). If so, petitioner has procedurally defaulted the issues raised in his certiorari petition, and we will not consider them.

**\*\*4** [4] The procedural rule applied by the New Mexico Supreme Court clearly is independent of the federal question posed by the underlying petition, because it "relies on state law, rather than federal law, as the basis for the decision." *English v. Cody,* 146 F.3d 1257, 1259 (10th Cir.1998). We turn to the more difficult issue of its adequacy. "[I]n order to be adequate, a state rule of procedural default must be applied evenhandedly in the vast majority of cases." *Id.*

The certiorari deadline in habeas cases is phrased in mandatory terms: "Petitions for writs of certiorari *shall* be filed with the supreme court clerk within thirty (30) days of the district court's denial of the petition." N.M.R.App.P. 12-501(B) (emphasis added). In an attempt to show that New Mexico does not apply this deadline evenhandedly or consistently, petitioner cites cases involving writs of certiorari directed to the New Mexico Court of Appeals. *Serna v. Bd. of County Comm'rs,* 88 N.M. 282, 540 P.2d 212 (1975); *Gulf Oil Corp. v. Rota-Cone Field Operating Co.,* 85 N.M. 636, 515 P.2d 640 (1973). In each of these cases, while recognizing the possibility of unusual circumstances justifying a late filing, the New Mexico Supreme Court ultimately refused to excuse the untimely

filing. This falls short of a showing that certiorari deadlines in habeas cases are not regularly followed. We conclude that the thirty-day deadline for filing petitions for certiorari is applied evenhandedly and is both "independent" and "adequate" for purposes of procedural bar.

3. Has petitioner shown cause and prejudice?

[5] Since petitioner "defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule," we cannot review them unless he either demonstrates "cause for the default and actual prejudice as a result of the alleged violation of federal law," or that "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750, 111 S.Ct. 2546. We consider first whether petitioner has established cause and prejudice that would excuse his procedural default.

[6] Petitioner alleges cause in that he deposited his petition for certiorari in the prison mail system prior to the deadline. In other words, he relies for his showing of cause on the same "mailbox rule" that we have concluded would be rejected by the **\*733** New Mexico Supreme Court. Even if this situation constitutes cause for missing the deadline, we hold that petitioner's argument fails because he has not shown prejudice sufficient to excuse his procedural default.

Petitioner alleges that he was prejudiced because his counsel was ineffective under the test in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Strickland* requires a petitioner to show both that his counsel was ineffective and that he suffered prejudice from the error. *Id.* at 687, 104 S.Ct. 2052. Petitioner argues that his attorney was ineffective in failing to have him take a polygraph test and in failing to allow him to testify. Had the test come out positive (that is, had it validated his account that he was not involved in the felony murder for which he was convicted), petitioner argues, his counsel would have had good reason to put him on the stand. He meets the prejudice prong of *Strickland,* he argues, because the evidence against him was weak and the jury's verdict is unreliable absent his testimony in his own behalf.

**\*\*5** Petitioner testified at the evidentiary hearing concerning the facts he would have related if he had been allowed to testify. The district court adopted the magistrate judge's conclusion that petitioner failed to show a reasonable probability that the outcome would have been different if he had testified or if his attorney had advised him to take a polygraph test. Upon our review of the record, we agree with the district court's conclusion, for substantially the same reasons stated in Magistrate Judge Garcia's findings and recommended disposition dated March 7, 2000.

4. Has petitioner shown a fundamental miscarriage of justice?

[7][8] The "fundamental miscarriage of justice" exception is extremely narrow. It applies only in "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). The district court concluded that petitioner failed to meet his burden of showing that no reasonable juror, after hearing petitioner's story, would have concluded that he had not at least attempted to rob the victim. This attempted robbery, together with the fact of the victim's death, forms the factual predicate for the felony murder conviction. Given these facts, petitioner has failed to demonstrate that he is actually innocent of the crime. We affirm on this issue, for substantially the reasons stated in Magistrate Judge Garcia's findings and recommended disposition dated

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

March 7, 2000.

Petitioner's application for a COA is granted. His motion for certification of an issue of state law is denied. The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

12 Fed.Appx. 728, 2001 WL 409272 (10th Cir.(N.M.)), 2001 DJCAR 2173

END OF DOCUMENT

3 Fed.Appx. 722
2001 CJ C.A.R. 403
**(Cite as: 3 Fed.Appx. 722, 2001 WL 28019 (10th Cir.(N.M.)))**

This case was not selected for publication in the Federal Reporter.

Please use FIND to look at the applicable circuit court rule before citing this opinion. Tenth Circuit Rule 36.3. (FIND CTA10 Rule 36.3.)

United States Court of Appeals,
Tenth Circuit.

Reynaldo ORTEGA, Petitioner-Appellant,
v.
Joe WILLIAMS, Warden, Lea County Correctional Facility; Attorney General for the State of New Mexico,
Respondent-Appellee.

**No. 00-2156.**

Jan. 11, 2001.

Petitioner filed application for a certificate of appealability, seeking review of an order of the United States District Court for the District of New Mexico dismissing his habeas petition. The Court of Appeals, Baldock, Circuit Judge, held that petitioner failed to show cause and prejudice to excuse his procedural default in failing to file a direct appeal and a timely petition for certiorari with the state Supreme Court following denial of state post-conviction relief.

Certificate of appealability denied; appeal dismissed.

West Headnotes

**Habeas Corpus** 405.1
197k405.1 Most Cited Cases

**Habeas Corpus** 409
197k409 Most Cited Cases

Petitioner failed to show cause and prejudice to excuse his procedural default in failing to file a direct appeal and a timely petition for certiorari with the state Supreme Court following denial of state post-conviction relief, despite petitioner's claim that prison's lock-down status prevented him from using prison's law library.

**\*722** Before BALDOCK, HENRY, and LUCERO, Circuit Judges. [FN*]

> FN* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a)(2)(C); 10th Cir.R. 34.1(G). The case is therefore ordered submitted without oral argument.

ORDER AND JUDGMENT [FN**]

> FN** This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3.

BALDOCK, Circuit Judge.

**\*\*1** Petitioner Reynaldo Ortega, proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The district court denied the petition and denied Petitioner's application for a certificate of appealability. Now before us is Petitioner's renewed motion. We deny Petitioner's application for a certificate of appealability as well and dismiss his appeal.

In January 1998, Petitioner pled guilty in New Mexico state court to trafficking a controlled substance. The court sentenced Petitioner to nine years imprisonment, an additional eight years enhancement pursuant to the state habitual **\*723** offender act, and two years parole. The court suspended seven years of the total sentence. Petitioner did not challenge his conviction or sentence on direct appeal. Instead, in November 1998, he sought post-conviction relief in state district court. In his state petition, Petitioner claimed the trial court (1) failed to inform him of his right to trial on the allegations contained in the supplemental information, (2) failed to inform him of both the charges and his rights under the state habitual offender act, and (3) failed to determine if he was the same person charged in the supplemental information. The state court found Petitioner had pled guilty to trafficking a controlled substance and being a habitual offender with three prior convictions. The court further found that it had used the guilty plea proceeding form to conduct a thorough interrogation of Petitioner in open court before accepting the plea agreement. The court found that Petitioner signed the certification acknowledging that the judge personally advised him of the matters set forth in the form, that he understood his constitutional rights, that he was giving up rights by entering into a guilty plea, and that he desired to admit the allegations of the supplemental criminal information. In addition, the court found that Petitioner's attorney certified he had conferred with Petitioner with reference to execution of the affidavit and explained its contents in detail. Finally, the court found that the proceedings on the supplemental criminal information were conducted in strict compliance with New Mexico law. Accordingly, the court dismissed Petitioner's petition on November 24, 1998.

Following the court's dismissal of his petition, Petitioner had thirty days to petition for a writ of certiorari with the New Mexico Supreme Court. Petitioner did not file his petition for writ of certiorari, however, until January 11, 1999. The New Mexico Supreme Court denied the petition as untimely.

Subsequently, Petitioner filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in federal court. In his § 2254 petition, Petitioner raised the same claims he raised in his state court post-conviction proceedings. A magistrate judge recommended the district court deny the petition as procedurally barred absent cause or prejudice because Petitioner failed to file a direct appeal and failed to timely file a petition for certiorari with the New Mexico Supreme Court following denial of state post-conviction relief. [FN1]

> FN1. *See Coleman v. Thompson,* 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (rule permitting federal court to address habeas petition if last state court to which petitioner presented federal claim rested primarily on resolution of those claims does not apply if petitioner failed to exhaust state remedies and court to which petitioner would be required to present his or her claims in order to meet exhaustion requirement would find claims procedurally barred; in such case there is procedural default for purposes of

federal habeas regardless of decision of last state court to which petitioner actually presented his or her claims); *Ballinger v. Kerby,* 3 F.3d 1371, 1374 (10th Cir.1993) (petitioner's constitutional claim, raised before the state trial court in his state habeas petition, was procedurally defaulted by his failure to obtain timely review by the New Mexico Supreme Court).

**\*\*2** Petitioner objected to the recommendation, arguing that he was unable to file his final appeal to the New Mexico Supreme Court because his facility's lock-down status prevented him from utilizing the facility's law library. The magistrate judge ordered further expansion of the record to determine the length and extent of the facility's lock-down during the period in question. After consideration of the additional material, the district court determined **\*724** that Petitioner failed to show cause and prejudice to excuse his procedural default. Accordingly, the district court adopted the magistrate judge's previous recommendation and dismissed the petition.

A petitioner may appeal the denial of a § 2254 petition only if "a circuit justice or judge" issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). We have thoroughly reviewed Petitioner's application for a certificate of appealability, his brief, the magistrate's findings and recommended disposition, the district court's order adopting the magistrate's recommendation, and the entire record before us. We conclude Petitioner's petition is procedurally barred substantially for the reasons set forth in the district court's order dismissing his petition. Accordingly, we deny Petitioner's request for a certificate of appealability and dismiss the appeal.

CERTIFICATE OF APPEALABILITY DENIED; APPEAL DISMISSED.

3 Fed.Appx. 722, 2001 WL 28019 (10th Cir.(N.M.)), 2001 CJ C.A.R. 403

END OF DOCUMENT